NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent. It is a public record.

# United States Court of Appeals for the Federal Circuit

05-3329

WILLIAM A. WYCHE,

Petitioner,

v.

DEPARTMENT OF LABOR,

Respondent.

_____

DECIDED: May 5, 2006

_____

Before SCHALL, Circuit Judge, ARCHER, Senior Circuit Judge, and DYK, Circuit Judge.

PER CURIAM.

DECISION

William A. Wyche petitions for review from the final decision of the Merit Systems Protection Board ("Board") dismissing his appeal alleging that his retirement was involuntary. Wyche v. Dep't of Labor, No. SF0752040653-I-1 (M.S.P.B. July 22, 2005) ("Final Decision"). We affirm.

DISCUSSION

I.

Mr. Wyche worked as a Wage and Hour Compliance Specialist for the Department of Labor ("agency" or "DOL") from 1988 until 2004. Mr. Wyche alleges that his former supervisor, Brian Taverner, mistreated and harassed him in 1999. According to Mr. Wyche, this mistreatment and harassment consisted of Mr. Taverner calling Mr. Wyche a "mad dog foaming at the mouth," referring to Mr. Wyche as a "Gestapo Agent," stating that he could envision Mr. Wyche being beaten, and sabotaging Mr. Wyche's work. Wyche v. Dep't of Labor, No. SF0752040653-I-1, slip op. at 3 (M.S.P.B. Nov. 15, 2004) ("Initial Decision"). Shortly after these alleged incidents occurred, Mr. Wyche was reassigned to a different supervisor, resulting in Mr. Wyche having very limited contact with Mr. Taverner over the course of the next five years.

In June of 2003, Mr. Wyche learned that DOL planned to reassign him to Mr. Taverner's supervision. In response to Mr. Wyche's concerns, District Director Linda Burleson authored a letter assuring Mr. Wyche that she had told Mr. Taverner that he was required to treat Mr. Wyche in a professional manner. Mr. Wyche then notified the agency on June 2, 2004, that he would accept an "early out" retirement offer effective June 30, 2004.

On July 19, 2004, Mr. Wyche filed an appeal of his "removal" with the Board, claiming that he had been subjected to a hostile work environment at DOL. In an initial decision, the administrative judge ("AJ") assigned to Mr. Wyche's case found that Mr. Wyche had alleged only that he was mistreated by Mr. Taverner in 1999, five years before his retirement. Initial Decision, slip op. at 3. Given the complete lack of recent

incidents of alleged harassment, the AJ found that Mr. Wyche's case was entirely based on "his subjective fear of a reoccurrence," which was therefore, "objectively unreasonable." Id., slip op. at 4. The AJ found that this "objectively unreasonable" feeling of coerced retirement was insufficient to establish a non-frivolous allegation of involuntary retirement, a requirement for Board jurisdiction in a case such as Mr. Wyche's. Id., slip op. at 5. Therefore, the AJ dismissed Mr. Wyche's appeal for lack of jurisdiction because Mr. Wyche had not shown that he was involuntarily discharged. Initial Decision, slip op. at 3.

Under 5 C.F.R. § 1201.113, the initial decision became the final decision of the Board when the full Board denied Mr. Wyche's petition for review. Final Decision, slip op. at 1-2.

## II.

The Board's jurisdiction is limited to appeals from enumerated adverse actions. 5 U.S.C. §§ 7512, 7513(d). The Board does not have jurisdiction over facially voluntary acts, such as a resignation, unless the individual appealing from the act can show that it was involuntary. Garcia v. Dep't of Homeland Sec., 437 F.3d 1322, 1328 (Fed. Cir. 2006) (en banc). Under Fruhauf Southwest Garment Co. v. United States, 111 F. Supp. 945 (Ct. Cl. 1953), an individual may establish that separation was involuntary by showing three elements: "'(1) the agency effectively imposed the terms of the employee's resignation or retirement; (2) the employee had no realistic alternative but to resign or retire; and (3) the employee's resignation or retirement was the result of improper acts by the agency.'" Garcia, 437 F.3d at 1329 (quoting Fruhauf, 111 F. Supp. at 951). The Fruhauf elements are "evaluated from the perspective of the reasonable

employee confronted with similar circumstances." Id. at 1330 (citing Shoaf v. Dep't of Agric., 260 F.3d 1336, 1340-41 (Fed. Cir. 2001)).  In Garcia v. Department of Homeland Security, we confirmed that an individual must make a non-frivolous claim of Board jurisdiction in order to receive a hearing before the Board.  Id. at 1344.  Non-frivolous claims are "claims that, if proven, establish the Board's jurisdiction."  Id.  We review de novo whether an appellant made non-frivolous allegations of a fact necessary to establish jurisdiction.  Coradeschi v. Dep't of Homeland Sec., 439 F.3d 1329, 1332 (Fed. Cir. 2006).

Mr. Wyche argues that the Board erred in dismissing his appeal for lack of jurisdiction.  He contends that the Board erroneously relied on Terban v. Department of Energy, 216 F.3d 1021 (Fed. Cir. 2000), for the proposition that the amount of time between the alleged 1999 harassment by Mr. Taverner and Mr. Wyche's 2004 retirement, negated his claim that his retirement was involuntary.

We find no error in the Board's conclusion that, under the facts alleged by Mr. Wyche, no reasonable employee would feel they had no realistic alternative but to resign or retire under the Fruhauf test.  The Board correctly found that the alleged incidents of harassment that occurred long before Mr. Wyche's retirement would not have caused a reasonable employee to decide to retire.  See Terban, 216 F.3d at 1024 ("[T]he most probative evidence of involuntariness will usually be evidence in which there is a relatively short period of time between the employer's alleged coercive act and the employee's retirement.  In contrast, a long period of time between the alleged coercive act and the employee's retirement diminishes the causal link between these two events and, thus, attenuates the employee's claim of involuntariness.").  In sum, we

see no error in the Board's determination that Mr. Wyche's subjective fear of future harassment is insufficient under <u>Fruhauf</u> to show that a reasonable employee would have had no reasonable alternative but to resign. <u>Initial Decision</u>, slip op. at 4.[1]

For the foregoing reasons, the decision of the Board dismissing Mr. Wyche's appeal for lack of jurisdiction is affirmed.

No costs.

---

[1] We have considered the other contentions raised by Mr. Wyche and have found them to be without merit.