NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition is not citable as precedent. It is a public record.

# United States Court of Appeals for the Federal Circuit

06-3102

ANTHONY L. FRENCH,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

_____

DECIDED:    September 8, 2006

_____

Before  MICHEL, Chief Judge, DYK and PROST Circuit Judges.

PER CURIAM.

Anthony L. French seeks review of the decision of the Merit Systems Protection Board ("Board"), which dismissed his appeal for lack of jurisdiction.  French v. United States Postal Service, CH-3443-05-0597-I-1 (MSPB June 28, 2005).  We affirm.

BACKGROUND

On January 17, 1998, the United States Postal Service ("Agency") suspended French for three days and demoted him from his supervisory position to a part-time clerk position, based on an altercation that had taken place between French and a subordinate employee.  French initially filed an appeal to the Board of these employment actions, but ultimately withdrew his appeal on February 8, 1999.  French also filed a complaint in district court, seeking monetary relief for his suspension and

demotion. The district court dismissed French's demotion claim and granted summary judgment to the agency on the suspension claim. The Sixth Circuit affirmed.

Years later, on May 4, 2005, French filed an appeal with the Board, alleging that the Agency improperly suspended him, demoted him, and negatively affected the calculation of his "high-three" salary for retirement purposes. French also made conclusory allegations that the Agency failed to restore his position, made a negative suitability determination, reduced his pay, and tolerated a pattern of discrimination. The Administrative Judge determined that French had failed to establish Board jurisdiction and dismissed the appeal without holding a hearing. The full Board denied review. This petition for review followed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

In Garcia v. Dep't of Homeland Sec., 437 F.3d 1322 (Fed. Cir. 2006) (en banc), we confirmed that an individual must make a non-frivolous allegation of Board jurisdiction to receive a hearing before the Board. Id. at 1344. We review without deference whether an appellant made non-frivolous allegations of a fact necessary to establish jurisdiction. Coradeschi v. Dep't of Homeland Sec., 439 F.3d 1329, 1332 (Fed. Cir. 2006).

We conclude that French failed to make a non-frivolous allegation establishing Board jurisdiction. As the Board explained, it does not have jurisdiction over French's demotion and suspension claims, as these had previously been withdrawn. See Brown v. Dep't of the Navy, 71 M.S.P.R. 451, 453-54 (1996). As for French's retirement claim, he failed to make a non-frivolous allegation of Board jurisdiction because he has made no allegation that he has retired. In short, French's appeal in this

06-3102

respect was premature because the Agency had taken no appealable action concerning French's retirement. To the extent that French asserted other claims of alleged adverse actions, he failed to submit the evidence that these actions had occurred, and such evidence (above and beyond French's bare allegations) was necessary to support Board jurisdiction. See Dorrall v. Dep't of Army, 301 F.3d 1375, 1380 (Fed. Cir. 2002). Finally, the Board lacked jurisdiction over French's discrimination claims because there were no other claims over which the Board had jurisdiction, and discrimination claims cannot provide an independent basis for Board jurisdiction. See 5 U.S.C. § 7702(a) (2000); Miller v. Merit Sys. Protection Bd., No. 06-3079, slip op. at 6 (Fed. Cir. May 4, 2006); Cruz v. Dep't of Navy, 934 F.2d 1240, 1248 (Fed. Cir. 1991) (en banc).

For the forgoing reasons, we affirm the Board's decision.

No costs.