NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3003

KATHRYNE E. SHELBORNE,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

Kathryne E. Shelborne, of Reston, Virginia, pro se.

Sara B. Rearden, Attorney, Office of the General Counsel, United States Merit Systems Protection Board, of Washington, DC, for respondent. With her on the brief were B. Chad Bungard, General Counsel, Rosa M. Koppel, Deputy General Counsel, and Raymond W. Angelo, Acting Associate General Counsel.

Appealed from: United States Merit Systems Protection Board

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3003

KATHRYNE E. SHELBORNE,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

_____

DECIDED:  May 11, 2007

_____

Before MAYER, <u>Circuit Judge</u>, CLEVENGER, <u>Senior Circuit Judge</u>, and BRYSON, <u>Circuit Judge</u>.

PER CURIAM.

## DECISION

Petitioner Kathryne Shelborne was employed by the Department of Commerce as a patent examiner, a position from which she resigned in April 2005.  She subsequently filed an appeal with the Merit Systems Protection Board, Docket No. DC-0752-06-0334-I-1, alleging that her resignation was involuntary in that it was the result of duress and coercion by the agency.  The Board dismissed her appeal for failure to make nonfrivolous allegations sufficient, if proved, to establish the Board's jurisdiction.  Ms. Shelborne now seeks review of that decision.  We <u>affirm</u>.

BACKGROUND

An employee who voluntarily resigns from her position has no right to appeal to the Merit Systems Protection Board. See 5 U.S.C. §§ 7512, 7513(d); Staats v. U.S. Postal Serv., 99 F.3d 1120, 1123–24 (1996). The Board assumes jurisdiction over an appeal from a resignation only if the employee shows that the resignation was involuntary and thus constituted a constructive removal. Based on the fact that Ms. Shelborne had resigned from her position, the administrative judge assigned to her case noted that the Board might not have jurisdiction over the appeal and ordered her to file evidence and arguments to establish the Board's jurisdiction.

In response to the administrative judge's order, Ms. Shelborne alleged that various actions of her employer constituted the coercion and duress necessary to establish that her resignation was involuntary. Ms. Shelborne also contended that she needed discovery, which she claimed "could establish that her resignation was involuntary."

The administrative judge ruled that discovery was not necessary to determine the Board's jurisdiction and ruled that Ms. Shelborne had failed to make any allegations sufficient to establish the Board's jurisdiction over the appeal. The administrative judge noted that most of the events Ms. Shelborne described took place between a year and 12 years before Ms. Shelborne's resignation and thus were too remote in time to be regarded as contributing to her resignation. Addressing Ms. Shelborne's allegations of events closer in time to her resignation, the administrative judge explained that although Ms. Shelborne may have been unhappy with criticisms of the quality of her work and strict enforcement of leave policies, those are not improper actions that can reasonably

be regarded as coercing an employee to resign. The administrative judge therefore denied Ms. Shelborne a jurisdictional hearing and dismissed her appeal. That initial decision became the final decision of the Board when the full Board denied Ms. Shelborne's petition for review.

## DISCUSSION

Ms. Shelborne petitions for review of the Board's decision. We review without deference the question whether she made nonfrivolous allegations of fact sufficient to establish the Board's jurisdiction. Coradeschi v. Dep't of Homeland Sec., 439 F.3d 1329, 1332 (Fed. Cir. 2006).

1. Ms. Shelborne argues that the administrative judge erred by failing to consider two of the 13 allegations she raised to support her claim that she was coerced into resigning. First, she argues that the administrative judge overlooked her thirteenth allegation, in which she stated that the agency "[s]ought advice by agency human resources that encouraged these unfair personnel practices." That allegation does no more than refer to Ms. Shelborne's other allegations of specific agency conduct and state that agency employees collaborated in that conduct. The administrative judge found that the underlying conduct was either justified or not coercive, or both, and Ms. Shelborne has not contested that finding on appeal. The fact that the alleged treatment may have been planned thus does not help Ms. Shelborne establish the Board's jurisdiction.

Second, Ms. Shelborne states that the administrative judge ignored her twelfth allegation, in which she stated that the agency "[c]aused Ms. Shelborne to use leave due to this coercion and duress caused thereby." That argument shares the same flaw

as Ms. Shelborne's first argument—it identifies no improper agency conduct except by referring to behavior already alleged.

In short, even assuming that the administrative judge disregarded Ms. Shelborne's twelfth and thirteenth allegations, it would not have been error to do so because those allegations were not relevant to whether the agency's conduct would have forced a reasonable person in her position to resign.

2. Next, Ms. Shelborne argues that the administrative judge erred in finding her resignation to be voluntary because the agency knew that she felt forced to resign before her resignation took effect. Ms. Shelborne argues that the agency was aware of her belief that she was forced to resign because she filed her appeal with the Merit Systems Protection Board before her resignation became effective and because she stated on her resignation form that her resignation was "forced."

Ms. Shelborne appears to contend that if the agency knew she felt coerced to resign, her resignation must be regarded as involuntary as a matter of law. That is incorrect. A resignation is coerced when improper agency conduct would leave a reasonable person in the employee's position with no realistic choice but to resign. Staats, 99 F.3d at 1124. Ms. Shelborne might have felt compelled to resign based on what she felt were unfair agency actions, and she might have made that feeling known to the agency, but her subjective feelings do not establish that a reasonable person would have felt compelled to resign and thus do not show that the agency improperly coerced her resignation.

Ms. Shelborne's arguments do not address the core reasoning of the administrative judge's ruling: that the agency's demands that Ms. Shelborne produce

quality work and comply with leave policies were proper and would not have compelled a reasonable person to resign. Ms. Shelborne has done nothing on appeal to show that the administrative judge erred in reaching that conclusion, nor has she pointed to any other agency conduct that could be considered sufficiently coercive to render her resignation legally involuntary.

3. Ms. Shelborne also contends that the administrative judge erred by staying discovery and resolving the question of the Board's jurisdiction based solely on her pleadings. We disagree.

The administrative judge dismissed Ms. Shelborne's appeal not because Ms. Shelborne was unable to document her allegations of jurisdiction, but because Ms. Shelborne's allegations were not sufficient, even if true, to establish the Board's jurisdiction. It was not an abuse of discretion for the administrative judge, before ordering the parties to engage in discovery, to require Ms. Shelborne to allege particular conduct that was sufficiently coercive to cause a reasonable person to resign.