NOTE:   This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3248

JOSEPH E. MORRISSEY,

Petitioner,

v.

DEPARTMENT OF THE TREASURY,

Respondent.

Joseph E. Morrissey, of Aurora, Colorado, pro se.

Jane C. Dempsey, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent.   With her on the brief were Jeanne E. Davidson, Director, and Kenneth M. Dintzer, Assistant Director.

Appealed from:  Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3248

JOSEPH E. MORRISSEY,

Petitioner,

v.

DEPARTMENT OF THE TREASURY,

Respondent.

Petition for review of the Merit Systems Protection Board in DE0752070394-I-1.

_____

DECIDED: October 14, 2008

_____

Before SCHALL, CLEVENGER, and LINN, Circuit Judges.

PER CURIAM.

Joseph E. Morrissey ("Morrissey") seeks review of a final decision of the Merit Systems Protection Board ("Board") dismissing his appeal for lack of jurisdiction. Morrissey v. Dep't of Treasury, No. DE-0752-07-0394-I-1 (M.S.P.B. Oct. 12, 2007) ("Initial Decision"), review denied, Morrissey v. Dep't of Treasury, No. DE-0752-07-0394-I-1 (M.S.P.B. Mar. 17, 2007). Because the Board correctly concluded that Morrissey failed to raise a non-frivolous allegation that his retirement was involuntary and thus tantamount to forced removal, we affirm.

BACKGROUND

Morrissey worked as a Contact Representative in the Internal Revenue Service ("IRS"). On August 22, 2005, Morrissey was placed on a sixty-day performance improvement plan ("PIP") because his performance was found deficient for his position. On February 10, 2006, Morrissey received a letter of proposed removal, indicating that Morrissey had failed to improve his performance during the sixty-day PIP period. Morrissey, accompanied by his union representative, met with his supervisors to discuss the proposed removal letter. Although the letter does not mention any outstanding tax debt or investigation, Morrissey alleges that a supervisor stated orally during this meeting that Morrissey's alleged underpayment of taxes for 2000 was a separate ground for the proposed removal. At the time of the meeting, a tax fraud investigation against Morrissey was pending. After the meeting, on February 14, 2006, a Taxpayer Advisory Opinion concluded that the government had not proven by clear and convincing evidence that Morrissey had committed tax fraud. Morrissey retired from the IRS on February 28, 2006, before the agency could issue a decision on the proposed removal action.

On April 15, 2006, Morrissey filed an Equal Employment Opportunity complaint against the IRS. Morrissey then appealed to the Board. The Board dismissed the appeal for lack of jurisdiction, finding that Morrissey had failed to make a non-frivolous allegation which, if proven, could establish that his retirement was involuntary. The full Board denied Morrissey's petition for review.

Morrissey timely appeals. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

DISCUSSION

We must affirm the Board's decision unless it was (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c). We review determinations of the Board concerning its jurisdiction de novo. Parrott v. Merit Sys. Prot. Bd., 519 F.3d 1328, 1334 (Fed. Cir. 2008). Because the Board dismissed Morrissey's appeal without affording him a jurisdictional hearing, we review the record de novo to determine whether Morrissey raised a non-frivolous allegation of jurisdiction. Coradeschi v. Dep't of Homeland Sec., 439 F.3d 1329, 1332 (Fed. Cir. 2006).

Morrissey is entitled to a jurisdictional hearing if he has raised a non-frivolous allegation that, if proven, would establish the Board's jurisdiction. Garcia v. Dep't of Homeland Sec., 437 F.3d 1322, 1344 (Fed. Cir. 2006) (en banc). The Board has jurisdiction over Morrissey's appeal if he can establish, by a preponderance of the evidence, that his resignation was involuntary. Id. at 1328. Morrissey may establish involuntariness by showing that "(1) the agency effectively imposed the terms of [his] . . . retirement; (2) [he] had no realistic alternative but to resign or retire; and (3) [his] . . . retirement was the result of improper acts by the agency." Id. at 1329 (quoting Shoaf v. Dep't of Agric., 260 F.3d 1336, 1341 (Fed. Cir. 2001)). Ultimately, this showing must overcome the presumption that a resignation is voluntary. Cruz v. Dep't of Navy, 934 F.2d 1240, 1244 (Fed. Cir. 1991) (en banc) ("Resignations are presumed voluntary . . . .").

We agree with the Board that Morrissey failed make a non-frivolous allegation that, if true, would establish that his retirement was involuntary. The Board found, and the record shows, that Morrissey never argued that the IRS could not substantiate its performance-based charges or did not follow proper removal procedures. Initial Decision, slip op. at 7. To the contrary, it is undisputed that Morrissey was placed on a sixty-day PIP during which he was given weekly counseling sessions, on-the-job training, and mentoring. After failing to improve during this period, Morrissey was notified in writing of his deficiencies and of his right to respond to the charges. Accordingly, Morrissey failed to raise allegations that would establish that his retirement resulted from "improper acts by the agency." Garcia, 437 F.3d at 1329.

On appeal, Morrissey argues only that the Board failed to consider the fact that a supervisor was lying about Morrissey's tax returns from 2001, 2002, and 2003. But Morrissey's tax returns from those years were not at issue in the proceedings below. Before the Board, Morrissey argued only that the alleged underpayment of his 2000 taxes—not other years' taxes—had been orally mentioned as a separate ground for removal at a meeting with Morrissey's supervisors. The Board expressly considered this allegation regarding the 2000 taxes and arrived at its conclusion even assuming that the statement had been made. Initial Decision, slip op. at 8. Morrissey has not alleged facts that, if true, would establish that his supervisor's statement was made in bad faith or without basis. To the contrary, at the time the statement was made, the IRS was investigating Morrissey's underpayment of his 2000 taxes, thus providing ample basis for the supervisor's statement.

Because Morrissey has failed to raise a non-frivolous allegation that his resignation was involuntary, we affirm the Board's final decision.

## COSTS

No costs.