NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**BENZENA M. BROWN**
*Petitioner,*

v.

**DEPARTMENT OF DEFENSE,**
*Respondent.*

---

2009-3191

---

Petition for review of the Merit Systems Protection Board in SF0752070771-B-1.

---

Decided: October 13, 2010

---

BENZENA M. BROWN, of Las Vegas, Nevada, pro se.

PATRYK J. DRESCHER, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and DONALD E. KINNER, Assistant Director.

---

Before LOURIE, LINN, and PROST, *Circuit Judges*.

PER CURIAM.

### DECISION

Benzena Brown appeals from the decision of the Merit Systems Protection Board ("the Board") denying her petition for review and adopting the initial decision of the administrative judge ("AJ") as the Board's final decision. *Brown v. Dep't of Defense*, MSPB Docket No. SF0752070771-B-1 (March 17, 2009). Because the Board correctly found that it lacked jurisdiction based on Brown's failure to make a nonfrivolous allegation that her disability retirement from the Department of Defense ("the Agency") was involuntary, we *affirm*.

### BACKGROUND

Brown was an accounting technician with the Defense Finance and Accounting Service (DFAS) in San Bernardino, California. In May 2004, Brown submitted an application for disability retirement, based on loss of eyesight in her right eye, major depression, chest pains, severe headaches, hypertension, stomach problems, and a blood deficiency, in addition to being at risk for complete blindness due to being a kidney donor. Separately, the Agency began removal proceedings shortly thereafter, which were cut short by the Office of Personnel Management's ("OPM's") approval of Brown's application for disability retirement. Brown retired in August 2004.

Separate from this litigation, Brown commenced two, later-consolidated actions at the Equal Employment Opportunity Commission ("EEOC") alleging that she was subject to a hostile work environment. Those actions

were dismissed on summary judgment, following which Brown filed an action in district court on her equal employment opportunity complaints. During the pendency of that action, Brown went through bankruptcy. Her bankruptcy trustee was substituted in the suit as the real party in interest, after which the parties stipulated to a dismissal with prejudice in March 2007. In addition, Brown filed a complaint in October 2002 at the Department of Labor, alleging an occupational injury due to harassment and retaliation by her employer. The denial of that claim was affirmed by the Department of Labor's Employees' Compensation Appeals Board.

In August 2007, Brown brought this action, seeking Board review of her disability retirement, which she alleges was involuntary. The AJ dismissed the claim for lack of jurisdiction. The Board reopened the appeal and remanded the case with instructions to provide Brown with information and an opportunity to establish Board jurisdiction.

On remand, the AJ again found that Brown had failed to put forth a nonfrivolous allegation of jurisdiction. Specifically, the AJ found that Brown did not make nonfrivolous allegations that, if proven, would show that (1) an accommodation was available between the time the medical condition arose and the date of Brown's separation that would have allowed her to continue her employment, (2) Brown communicated her desire to continue working with those accommodations, and (3) that the Agency failed to provide her those accommodations.

The AJ found that Brown had made allegations of harassment and retaliation, creation of a hostile working environment, failure to provide a safe working environment, disparate treatment in disciplinary actions, failure to adhere to performance policies, false accusations, and

abuse of authority by imposing a suspension and counseling and threatening her for carelessness in duties, thus causing her health to suffer and forcing her into retirement. However, the AJ found that these allegations were inapplicable to an involuntary disability retirement (as opposed to other involuntary retirements) because even if proven, these allegations would not satisfy the jurisdictional requirements of the Board. Thus, the AJ focused on Brown's allegation that the Agency failed to accommodate a "known disability."

After discussing the submitted evidence, the AJ found that Brown made nonfrivolous allegations that when she applied for disability retirement, she communicated a desire to continue working, with a modification of her working conditions to accommodate her depression and anxiety disorders, episodic hypertension, and vision loss in her right eye. However, the AJ found that the Agency had accommodated Brown's request regarding her vision by enlarging the font on her computer, as suggested by her optometrist, and that no further request for accommodation—such as the use of a magnifier—had been made. In addition, because of Brown's absences from work due to her psychiatric conditions, the AJ found that Brown did not make a nonfrivolous allegation that any further accommodation of her vision impairment would have enabled her to continue working in her position. With regard to Brown's hypertension, depression, and anxiety, the AJ found that the evidence showed that one of Brown's specific requests was accommodated by being physically separated from Torres (a supervisor whom she believed had threatened her) and his team members. The AJ also found that the Agency had informed Brown that her other specific request for reassignment to another position so that she would not be in the chain of command of five specific individuals was not a reasonable accommo-

dation under the circumstances, that the Agency had asked her to submit further medical information and suggestions for a reasonable accommodation, and that she had submitted no further suggestions.

The AJ therefore concluded that Brown made two specific accommodation requests regarding Brown's psychiatric disabilities, one of which was met and the other of which was found to be an unreasonable accommodation. These were the only specific accommodation requests Brown made. Therefore, the AJ found that Brown had not made a nonfrivolous allegation that the Agency failed to provide Brown with a reasonable accommodation that would have allowed her to continue her employment. The AJ thereupon dismissed the case for lack of jurisdiction.

Brown petitioned the Board for review. The Board denied Brown's petition and the AJ's initial decision became the final decision of the Board. Brown timely appealed.

## DISCUSSION

The scope of our review in an appeal from a Board decision is generally limited. We can only set aside the Board's decision if it was "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); *see Briggs v. Merit Sys. Prot. Bd.*, 331 F.3d 1307, 1311 (Fed. Cir. 2003). Whether the Board has jurisdiction over an appeal is a question of law, which we review *de novo*. *Delalat v. Dep't of Air Force*, 557 F.3d 1342, 1343 (Fed. Cir. 2009).

Brown argues that the Agency did not give a reason for not accommodating her disability. Brown also alleges that OPM found the Agency was not justified in not accommodating her. Brown argues that the Agency erred in failing to apply "Disability and Rehabilitation" laws to her action. In addition, Brown argues that the Board failed to consider that providing her with a magnifying screen for her computer would have assisted her. Brown argues that she made numerous requests for reasonable accommodation that were continuously denied despite medical documentation. She clarifies that her request was for a reassignment, not a change in supervisor. Lastly, Brown argues that the Agency considered only one of her two disabilities, though she does not specify which.

The government argues that the Agency considered Brown's requests for accommodation and gave reasons for its responses. In terms of the psychiatric disabilities, the government notes that the Agency moved Torres away from Brown to ensure Brown's comfort in the workplace. The government argues that Brown failed to make non-frivolous allegations that further accommodations with regard to Torres would have allowed her to continue working. The government further argues that reassignment to a different supervisor is not an accommodation required of an agency. The government further responds that Brown's challenge to the Board's application of law does not specify which laws were misapplied or which "Disability and Rehabilitation Laws" should have been applied. Regarding Brown's vision, the government argues that the Agency provided the suggested accommodation and was asked for no further accommodation. The government argues that the Agency considered Brown's psychiatric as well as her physical disabilities in making its determination.

We conclude that the Board correctly determined that it lacked jurisdiction. The Board derives its jurisdiction by law, rule, or regulation. 5 U.S.C. § 7701(a). The Board has no jurisdiction over voluntary acts, which, absent evidence to the contrary, retirement is presumed to be. *Covington v. Dep't of Health & Human Services*, 750 F.2d 937, 941 (Fed. Cir. 1984). A hearing regarding jurisdiction is required only if the employee makes a nonfrivolous allegation that, if proved, would establish Board jurisdiction. *Coradeschi v. Dep't Homeland Security*, 439 F.3d 1329, 1332 (Fed. Cir. 2006). If the appellant fails to make such allegations, the appeal will be dismissed without hearing for lack of jurisdiction. *Id.*

Brown failed to make nonfrivolous allegations that, if proved, would establish Board jurisdiction. The record supports the Board's characterization of Brown's requests for reasonable accommodation, and Brown does not appear to dispute that she made two specific requests for accommodation, in addition to numerous other requests of a general nature, stating simply that she requested "reasonable accommodation," without specifying what that accommodation might be.

Brown's request for accommodation regarding her physical disability was accompanied by documentation from a medical professional. Her specific request was that the font on her computer screen be enlarged. Although Brown switched the font back to normal and complained that she was unable to see multiple pages at once on her monitor when the font was enlarged, she did not request any further, specific accommodations. Thus, Brown's allegation that the Agency failed to accommodate her by installing a magnifying screen does not give rise to jurisdiction where she failed to request that specific accommodation from the Agency. Although Brown may be correct that a magnifying screen would have allowed

her to continue her employment, there are no communications in the record reflecting a request for that accommodation and her desire to continue her employment with that accommodation.

Brown's request for accommodation regarding her psychiatric disabilities included two elements and was also accompanied by documentation from a medical professional. She requested that she not be physically near Torres and also that she be removed from any position in the chain of command of five different supervisors. Torres and his team were removed from her area as an accommodation, thus satisfying that part of Brown's requested accommodation. The Agency informed Brown that her request to change her supervisor was not considered a reasonable accommodation and that because she had not responded to the Agency's requests for additional medical information and other possible accommodations, the Agency could not make an informed decision on what might be a reasonable accommodation. Thus, the Agency responded to Brown's specific requests for accommodation regarding her psychiatric disabilities. As a result, there were no outstanding, specific requests for accommodation for Brown's psychiatric disabilities.

Brown's clarification that she was requesting reassignment, rather than assignment to other supervisors, does not change the fact that her specific request was based on a desire to be in a position out of the chain of command of any of the five identified supervisors. Thus, there was no error in the Board's analysis of that request. In any case, a request for wholesale reassignment is different in nature from a request for an accommodation that would allow an employee to continue her current employment. Because the record contains no other communications that could constitute a request for a specific accommodation that would have allowed Brown to con-

tinue her employment, there is no basis for Board juris-
diction in this case.

Accordingly, we *affirm* the Board's decision dismiss-
ing the appeal for lack of jurisdiction.

**AFFIRMED**

COSTS

No costs.