NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**PETER J. MAY,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2023-1709

---

Petition for review of the Merit Systems Protection Board in No. NY-3443-16-0303-I-1.

---

Decided: September 10, 2024

---

PETER J. MAY, Rockville Centre, NY, pro se.

STEPHEN FUNG, Office of General Counsel, United States Merit Systems Protection Board, Washington, DC, for respondent. Also represented by ALLISON JANE BOYLE, KATHERINE MICHELLE SMITH.

---

Before PROST, HUGHES, and CUNNINGHAM, *Circuit Judges*.

PER CURIAM.

Peter J. May has appealed the Merit Systems Protection Board's ("Board") final order denying his petition for review and affirming the administrative judge's ("AJ") December 16, 2016 initial decision to dismiss Mr. May's appeal for lack of jurisdiction. *May v. DOJ*, No. NY-3443-16-0303-I-1, 2023 WL 491098 (M.S.P.B. Jan. 26, 2023). For the following reasons, we affirm.

BACKGROUND

Mr. May was a Special Agent, Criminal Investigator, Series 1811, Pay Grade 13, Step 9 at the Drug Enforcement Administration ("Agency") and applied for the position of Group Supervisor, GS-1811-14, New York Field Division on February 26, 2013. S.A. 30–31.[1] Mr. May was not selected for the position. On June 26, 2013, Mr. May was issued a Memorandum of Counseling ("MOC") by his supervisor as a disciplinary violation. And, as a result of the MOC, Mr. May was involuntarily reassigned from the John F. Kennedy Airport Group to a position on the Strike Force located in Manhattan, New York. S.A. 30.

In December 2013, Mr. May filed a formal complaint against the Agency, alleging that he was discriminated against based on his race (white) and sex (male) when he was not selected for the Group Supervisor position, was issued the MOC, and was involuntarily reassigned to another employment location. S.A. 9.

On August 5, 2016, the Equal Employment Opportunity Commission ("EEOC") AJ determined that there were no genuine issues of material fact in dispute and, finding the complaint appropriate for summary judgment, entered judgment in favor of the Agency. *See* S.A. 29, 38. The Agency thereafter issued a Final Agency Decision agreeing

---

[1]    "S.A." refers to the supplemental appendix included with the Board's informal brief.

with the EEOC AJ's decision that Mr. May was not subjected to discrimination. S.A. 9.

On September 2, 2016, Mr. May filed an appeal with the Board wherein he claimed that the Agency "committed Title VII discrimination, violated the Whistleblower Protection Enhancement Act of 2012 ["WPA"], violated his constitutional right to equal protection and engaged in other prohibited personnel practices, such as nepotism, cronyism and favoritism by failing to promote him and directing his reassignment." S.A. 8 (cleaned up). The Board AJ found that Mr. May "did not establish Board jurisdiction over his appeal under any law, rule, or regulation," and dismissed the appeal for lack of jurisdiction. S.A. 13.

On January 16, 2017, Mr. May petitioned for Board review of the Board AJ's initial decision, alleging Agency violations such as "intentional Agency disparate treatment based upon race, selective enforcement of the Agency's standard of conduct, nepotism, cronyism, favoritism, USERRA[2] violations and whistleblower retaliation." S.A. 78. On January 26, 2023, the Board issued a final order affirming the Board AJ's initial decision dismissing Mr. May's appeal for lack of jurisdiction. Mr. May now petitions this court for review of the Board's decision.

DISCUSSION

I

We initially determine if we have jurisdiction over Mr. May's appeal. Although our court generally has jurisdiction over an appeal from a final order or final decision of the Board, *see* 28 U.S.C. § 1295(a)(9), we do not have jurisdiction over such appeals if they involve a "mixed case," *see, e.g.*, *Perry v. MSPB*, 582 U.S. 420, 422–23 (2017). Because

---

[2]    "USERRA" refers to the Uniformed Services Employment and Reemployment Rights Act.

Mr. May appears to believe that his case before the Board was a mixed case, we briefly explain why that was not so—and why this court does indeed have jurisdiction over his appeal.

"A mixed case is one in which a federal employee (1) complains of having suffered a serious adverse personnel action appealable to the [Board] and (2) attributes the adverse action, in whole or in part, to bias prohibited by federal antidiscrimination laws." *Harris v. SEC*, 972 F.3d 1307, 1317 (Fed. Cir. 2020). In this context, adverse personnel actions appealable to the Board include: "(1) a removal; (2) a suspension for more than 14 days; (3) a reduction in grade; (4) a reduction in pay; and (5) a furlough of 30 days or less." 5 U.S.C. § 7512. Here, even as alleged, none of the agency actions at issue (MOC, non-promotion, and reassignment) were adverse personnel actions appealable to the Board. *See id.* Because the first requirement for mixed cases has not been met, Mr. May's appeal cannot be considered a mixed case.

Accordingly, because this appeal is from a final order of the Board—and is not a mixed case—we have jurisdiction over Mr. May's appeal.

## II

Having confirmed our own jurisdiction over this appeal, we now consider whether the Board correctly determined that it lacked jurisdiction over Mr. May's appeal, which is a question of law that we review de novo. *Coradeschi v. Dep't of Homeland Sec.*, 439 F.3d 1329, 1331 (Fed. Cir. 2006). "The petitioner bears the burden of establishing error in the Board's decision." *Harris v. Dep't of Veterans Affs.*, 142 F.3d 1463, 1467 (Fed. Cir. 1998).

Mr. May argues that the Board had jurisdiction because his case was a mixed case. Although the Board does have jurisdiction to review mixed cases, *see* 5 U.S.C. § 7702(a)(1), as explained above, Mr. May's case was not a

mixed case because he did not identify any adverse personnel action appealable to the Board. *See* S.A. 11 ("Since [Mr. May] has not set forth an appealable action over which the Board would have jurisdiction, he has failed to establish that the Board should assert jurisdiction over his Title VII and other claims."). We therefore see no error in the Board's determination that it lacked jurisdiction over Mr. May's appeal as a mixed case.

Mr. May also argues that the Board had jurisdiction because he alleged whistleblower reprisal.[3] The Board "has jurisdiction over an IRA[4] appeal if the appellant has exhausted his administrative remedies before the [Office of Special Counsel ("OSC")] and makes non-frivolous allegations that (1) he engaged in whistleblowing activity by making a protected disclosure . . . and (2) the disclosure was a contributing factor in the agency's decision to take or fail to take a personnel action." *Yunus v. Dep't of Veterans Affs.*, 242 F.3d 1367, 1371 (Fed. Cir. 2001) (cleaned up). "The purpose of the requirement that an employee exhaust his or her remedies before the [OSC] before appealing to the Board is to give the [OSC] the opportunity to take

---

[3] Although Mr. May alleged "USERRA violations" in his petition for Board review, S.A. 78, he did not present this argument in his initial appeal to the Board, as noted by the Board AJ in her initial decision and the Board in its final order. S.A. 13 n.13 (Board AJ noting that Mr. May "has not raised a claim of a USERRA violation in his appeal"); S.A. 2 n.2 (Board noting that Mr. May "did not raise a claim of a USERRA violation in his appeal"). Any USERRA-related argument concerning Board jurisdiction is therefore not properly before us.

[4] "IRA" refers to an individual right of action, which is an appeal of personnel actions taken by an agency against an employee as reprisal for protected whistleblowing-related activity. *See* 5 U.S.C. § 1221.

corrective action before involving the Board in the case." *Ward v. MSPB*, 981 F.2d 521, 526 (Fed. Cir. 1992). At the time Mr. May sought review of the January 26, 2023 final order of the Board, which affirmed the Board AJ's December 16, 2016 initial decision, Mr. May had not filed a whistleblower claim with the OSC. S.A. 12. And though Mr. May "believes he cured the defect of failure to exhaust administrative remedies by filing a WPA complaint with the OSC" on June 26, 2023, Appellant's Informal Br. 8, Mr. May had not exhausted his administrative remedies with the OSC before his Board appeal in this case. Mr. May's "failure to do so deprived the Board of jurisdiction to hear his appeal." *Ellison v. MSPB*, 7 F.3d 1031, 1037 (Fed. Cir. 1993). Thus, the Board correctly concluded that it did not have jurisdiction over his appeal as an IRA appeal.

### CONCLUSION

We have considered Mr. May's remaining arguments and find them unpersuasive. For the foregoing reasons, we affirm.

### AFFIRMED

### COSTS

No costs.