**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| HANNAH RAGEL,<br>　　　　　　Appellant, | DOCKET NUMBER<br>PH-315H-22-0085-I-1 |
| 　　　v. | |
| DEPARTMENT OF DEFENSE,<br>　　　　　　Agency. | DATE:  February 24, 2025 |

# THIS ORDER IS NONPRECEDENTIAL[1]

Dennis L. Friedman, Esquire, Philadelphia, Pennsylvania, for the appellant.

Joseph Guerra, Esquire, and Walter Ryan Schuster, Esquire, Philadelphia,
　　Pennsylvania, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Henry J. Kerner, Vice Chairman
Raymond A. Limon, Member

### REMAND ORDER

The appellant has filed a petition for review of the initial decision, which dismissed her probationary termination appeal for lack of jurisdiction.  For the reasons discussed below, we GRANT the appellant's petition for review,

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

VACATE the initial decision, and REMAND the case to the Board's Northeastern Regional Office for further adjudication in accordance with this Remand Order.

## BACKGROUND

The appellant was appointed to an excepted-service position as a GS-03, Student Trainee (Contracting) effective July 9, 2018. Initial Appeal File (IAF), Tab 7 at 26. The Standard Form 50 (SF-50) documenting her appointment pursuant to 5 C.F.R. § 213.3402(a) states that "[t]he duration of a pathways appointment . . . is a trial period." *Id.* at 28. The SF-50 also states that the appellant was a nonpreference eligible and not entitled to any credit for prior service. *Id.* The agency terminated her appointment, effective May 20, 2021, citing performance and attendance concerns. *Id.* at 21-23.

The appellant filed a Board appeal challenging her probationary termination and requested a hearing. IAF, Tab 1. The agency filed a motion to dismiss the appeal for lack of jurisdiction. IAF, Tab 11. The administrative judge issued an order to show cause on the issue of jurisdiction. IAF, Tab 2. In response, the appellant argued that "at the time of her termination, [she] was an employee in the excepted service who ha[d] completed two years of current continuous service in the same position and who had not been appointed to a time-limited position." IAF, Tab 6 at 6.

Without holding the appellant's requested hearing, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction. IAF, Tab 16, Initial Decision (ID) at 1, 11. He reasoned that the appellant failed to nonfrivolously allege she met the definition of an employee with chapter 75 appeal rights. ID at 10-11. He further found that because the Board lacks jurisdiction over the appellant's termination, he could not consider her claims of discrimination. ID at 10.

The appellant has filed a petition for review of the initial decision. Petition for Review (PFR) File, Tabs 1-2. The agency has responded in opposition. PFR File, Tab 4.

## DISCUSSION OF ARGUMENTS ON REVIEW

The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). An appellant bears the burden of proving by preponderant evidence that her appeal is within the Board's jurisdiction. 5 C.F.R. § 1201.56(b)(2)(i). An appellant is entitled to a jurisdictional hearing if she presents nonfrivolous allegations of Board jurisdiction. *Ferdon v. U.S. Postal Service*, 60 M.S.P.R. 325, 329 (1994). In determining whether the appellant has made a nonfrivolous allegation of jurisdiction entitling her to a hearing, the administrative judge may consider the agency's documentary submissions; however, to the extent that the agency's evidence constitutes mere factual contradiction of the appellant's otherwise adequate prima facie showing of jurisdiction, the administrative judge may not weigh evidence and resolve conflicting assertions of the parties, and the agency's evidence may not be dispositive. *Id.*

A nonpreference eligible in the excepted service has a statutory right to appeal a termination if she qualifies as an "employee" within the meaning of 5 U.S.C. § 7511(a)(1)(C). *Martinez v. Department of Homeland Security*, 118 M.S.P.R. 154, ¶ 5 (2012). An "employee" under 5 U.S.C. § 7511(a)(1)(C) is defined as a nonpreference eligible individual in the excepted service (i) who is not serving a probationary or trial period under an initial appointment pending conversion to the competitive service or (ii) who has completed 2 years of current continuous service in the same or similar positions in an Executive agency under other than a temporary appointment limited to 2 years or less. *Martinez*,

118 M.S.P.R. 154, ¶ 5.  The Board has jurisdiction if either section 7511(a)(1)(C) (i) or (ii) is satisfied.  *Id.*

The appellant did not make a nonfrivolous allegation that she is an "employee" within the meaning of 5 U.S.C. § 7511(a)(1)(C)(i).

On review, the appellant argues that she met the definition of an employee under 5 U.S.C. § 7511(a)(1)(C)(i) because she successfully completed the requirements under the agency's internship program and was no longer in a trial period.  PFR File, Tab 1 at 9-10.  In support of her argument, the appellant relies on an email from an agency Career Program Administrator that stated that she completed all the requirements to be converted into the Pathways to Career Excellence (PaCER) Program.  IAF, Tab 15 at 24-25.  The administrative judge considered this evidence but found that the appellant did not make a nonfrivolous allegation that she had completed her initial trial period.  ID at 5-7.  We agree.

The SF-50 documenting the appellant's appointment to the Student Trainee (Contracting) position specifies that the duration of her appointment is a trial period.  IAF, Tab 7 at 28.  The appellant appears to argue on review that under *Nelson v. Department of Health and Human Services*, 119 M.S.P.R. 276 (2013) the duration of her appointment could not be construed as a trial period.  PFR File, Tab 1 at 9.  We disagree.  As the administrative judge correctly explained, the Board's holding in *Nelson* provides that the entirety of an initial appointment under a special appointment authority cannot, by default, be construed as a trial period, however, it does not preclude an agency from affirmatively electing to make such an initial appointment period a trial period, and the evidence here reflects the agency made such a choice.  ID at 6; *see Nelson*, 119 M.S.P.R. 276, ¶ 12.

The record is also devoid of evidence that the agency converted the appellant to a competitive service position in the PaCER program.  Further, the appellant admitted that at the time of her termination she still held the Student Trainee (Contracting) position and did not meet the definition of an "employee"

under 5 U.S.C. § 7511(a)(1)(C)(i) in response to the agency's request for admissions. IAF, Tab 15 at 18, 22.[2] Therefore, we agree with the administrative judge that the appellant did not raise a nonfrivolous allegation that she is an "employee" under 5 U.S.C. § 7511(a)(1)(C)(i). Thus, whether the appellant was an "employee" with Board appeal rights turns on whether she completed 2 years of current continuous service in the same or similar position in an Executive agency under other than a temporary appointment limited to 2 years or less. *See* 5 U.S.C. § 7511(a)(1)(C)(ii).

The appellant has made a nonfrivolous allegation that she is an "employee" within the meaning of 5 U.S.C. § 7511(a)(1)(C)(ii).

Below, the appellant alleged that she was a chapter 75 "employee" because "at the time of her termination, [she] was an employee in the excepted service who ha[d] completed two years of current continuous service in the same position and who had not been appointed to a time limited position." IAF, Tab 6 at 6. The administrative judge found that, although the appellant's position title remained the same during her tenure, she held three different positions that were not the "same or similar" and therefore could not be combined to provide her 2 years of current continuous service . ID at 7-10; IAF, Tab 7 at 81-82, 88-103, 105-16. We find, however, that this portion of the administrative judge's analysis is based on a weighing of the agency's documentary evidence against the appellant's otherwise adequate prima facie showing of jurisdiction. ID at 7-10; IAF, Tab 12 at 7-8; *see Ferdon*, 60 M.S.P.R. at 329. Because the appellant has made a nonfrivolous allegation of jurisdiction notwithstanding the agency's documentary evidence to the contrary, she is entitled to a jurisdictional hearing. *See Coradeschi v. Department of Homeland Security*, 439 F.3d 1329, 1332 (Fed. Cir. 2006); *Martinez v. Department of Homeland Security*, 118 M.S.P.R. 154, ¶ 13 (2012).

---

[2] The appellant also acknowledged on her initial appeal form that her termination occurred during her probationary or initial service period. IAF, Tab 1 at 4.

**ORDER**

For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:                    _____
                                 Gina K. Grippando
                                 Clerk of the Board

Washington, D.C.