NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**GLORIA J. MCWILLIAMS,**
*Petitioner,*

v.

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent.*

---

2011-3075

---

Petition for review of the Merit Systems Protection Board in case no. SF1221090439-W-2.

---

Decided: July 11, 2011

---

GLORIA J. MCWILLIAMS, of St. Thomas, Virgin Island, pro se.

MICHAEL A. CARNEY, General Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. With him on the brief were JAMES M. EISENMANN, General Counsel and KEISHA DAWN BELL, Deputy General Counsel.

---

Before LINN, DYK, and PROST, *Circuit Judges*.

PER CURIAM.

Gloria J. McWilliams ("McWilliams") appeals a decision of the United States Merit Systems Protection Board ("Board") dismissing her complaint for lack of subject matter jurisdiction. *McWilliams v. Dep't of the Air Force*, No. SF-1221-09-0439-W-2 (Dec. 13, 2010) ("*Final Order*"); *McWilliams v. Dep't of the Air Force*, MSPB Docket No. SF-1221-09-0439-W-2 (June 1, 2010) ("*Initial Decision*"). We *affirm*.

## BACKGROUND

McWilliams started working as a medical technologist in the Department of the Air Force ("the agency") in 2004, before becoming a Chemistry Supervisor in 2006. On September 29, 2006, the agency notified her of its intention to reassign her from the Chemistry department to the Urinalysis section. The agency informed her that the action was being taken to correct maintenance and quality control problems in the Chemistry department. This move involved a change in duties and responsibilities, but did not result in a change of grade or pay. McWilliams reported to the Urinalysis section on October 16, 2006.

On or about October 4, 2006, McWilliams met with human resources personnel and claimed she "blew the whistle on the agency's removal [of her duties from the Chemistry department] without adherence to proper personnel procedures." Resp't's App. 69. Soon after, on October 11, 2006, McWilliams filed a grievance, in which she allegedly made more protected disclosures of unfair practices and unprofessional behavior. An investigation ensued, but the agency concluded that there was no evidence of such behavior. McWilliams submitted her

resignation on May 11, 2007.

On September 18, 2008, McWilliams submitted a complaint to the Office of Special Counsel ("OSC"), but the OSC did not find evidence of any violations. Then, on April 6, 2009, McWilliams filed an individual right of action ("IRA") appeal with the Board, alleging the agency had violated the Whistleblower Protection Act ("WPA"). She claimed to have made the following protected disclosures:

(1) that the laboratory breached an agreement to allow McWilliams to remain in

the Chemistry department for one additional evaluation cycle;

(2) that a power line malfunction was potentially dangerous;

(3) that she was not provided notice of her performance deficiencies and given the opportunity to correct those deficiencies;

(4) that she was not given proper notice of an adverse action against her before her reassignment;

(5) that she was not selected for a training opportunity; and

(6) that a supervisor had engaged in nepotism by hiring unqualified friends.

*Initial Decision*, slip op. at 3. As a result of these disclosures, McWilliams claimed she was subjected to the following personnel actions: being removed from the Chemistry department; being reassigned to the Urinalysis section the day after her meeting with human resources personnel; having a performance evaluation be conducted out-of-cycle; being accused of medical errors and falsifying

records; being forced to resign involuntarily;[1] and receiving negative references to potential employers. *Id.* at 4.

On June 1, 2010, the administrative judge ("AJ") issued her *Initial Decision*, dismissing McWilliams' appeal for lack of jurisdiction. The full Board denied her petition for review. Thus, the AJ's decision became the decision of the Board. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

We review the Board's jurisdiction and determinations of law de novo. *Coradeschi v. Dep't of Homeland Sec.*, 439 F.3d 1329, 1331 (Fed. Cir. 2006); *Perry v. Dep't of the Army*, 992 F.2d 1575, 1578 (Fed. Cir. 1993). For the Board to have jurisdiction over an IRA appeal, the appellant must (1) exhaust her administrative remedies before the OSC; and (2) make non-frivolous allegations (a) that she engaged in whistleblowing activity by making a protected disclosure under 5 U.S.C. § 2302(b)(8); and (b) that the disclosure was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2032(a). *Yunus v. Dep't of Veterans Affairs*, 242 F.3d 1367, 1371 (Fed. Cir. 2001). A protected disclosure is one which an employee "reasonably believes evidences . . . a violation of any law, rule, or regulation, or . . . gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific

---

[1]    Before the Board, McWilliams also alleged she was constructively removed from her employment because of harassment by her supervisors. She was advised in a May 11, 2009, Summary and Order of Status Conference that her claim for a constructive discharge and/or demotion under 5 U.S.C. § 7512 should be pursued in a separate appeal. However, the appellant did not file a separate appeal, nor did she raise this claim in her appeal before our court.

danger to public health and safety." 5 U.S.C. § 2302(b)(8).

The Board first dismissed alleged disclosures 1 and 2 because the claims had not been exhausted before the OSC. The Board's jurisdiction in an IRA appeal is limited to issues raised before the OSC. *See Ellison v. Merit Sys. Prot. Bd.*, 7 F.3d 1031, 1036 (Fed. Cir. 1993). Because McWilliams did not raise these alleged disclosures in the OSC proceedings, we see no error in the Board's determinations that the allegations had not been exhausted before the OSC and were not properly on appeal.

With regard to disclosures 3, 4, and 5, the Board applied the "disinterested observer test" to conclude that none of those disclosures could be considered protected disclosures. In determining whether an employee reasonably believed she had made a protected disclosure, the test is whether a disinterested observer with knowledge of the essential facts known to and readily ascertainable by the employee could reasonably conclude that the information disclosed evidenced a category of wrongdoing under the WPA. *See Lachance v. White*, 174 F.3d 1378, 1380–81 (Fed. Cir. 1999). The Board correctly determined that disclosure 3 would fail this test. The agency's failure to give McWilliams notice of her performance deficiencies and an opportunity to correct those deficiencies would not be viewed by a disinterested observer as a category of wrongdoing under the WPA. With regard to disclosure 4, the Board correctly determined that the failure to give proper notification of a reassignment would also not be viewed by a disinterested observer as a category of wrongdoing. A reassignment to another department with duties in the same commuting area and without a change in grade or pay, is not a "removal," "suspension," "reduction in grade," "reduction in pay," or "furlough" for which a petitioner would be entitled to procedural due process. *See* 5 U.S.C. §§ 7512, 7513. With regard to disclosure 5,

McWilliams stated in her OSC complaint that "[i]t was rumored that if Lt. Col. Green did not go to the training, nobody would," and therefore she was unfairly excluded from the training program. Resp't's App. 63. As the Board correctly determined, such unsubstantiated rumors are insufficient to non-frivolously allege that a disinterested observer would conclude any wrongdoing had been committed. *See Huffman v. Office of Pers. Mgmt.*, 92 M.S.P.R. 429, 434 (2002).

Nonetheless, we think the Board properly determined that disclosure 6, that a supervisor had engaged in nepotism by hiring unqualified friends, may constitute a protected disclosure. However, a protected disclosure cannot be a contributing factor in a personnel action if the action was taken before the protected disclosure was made. *See* 5 U.S.C. § 1221(e)(1); *Horton v. Dep't of the Navy*, 66 F.3d 279, 284 (Fed. Cir. 1995). The Board found that this disclosure allegedly took place when McWilliams filed her OSC complaint on September 18, 2008. Her removal from the Chemistry department, reassignment to the Urinalysis section, and purported out-of-cycle performance evaluation all occurred in 2006. The other alleged personnel actions also took place before September 18, 2008. Therefore, all of the alleged personnel actions occurred several months, even years, before the disclosure about the alleged nepotism in the department. Nor has McWilliams provided any evidence that the disclosure was made prior to these alleged events. Thus, even if this disclosure were protected, it could not have contributed to any of the alleged personnel actions.

## AFFIRMED

### COSTS

No costs.