**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| FRANK W. WHITE, | DOCKET NUMBER |
| Appellant, | CH-0871-16-0279-I-1 |
| v. | |
| OFFICE OF PERSONNEL MANAGEMENT, | DATE: August 11, 2016 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Frank W. White, Chicago, Illinois, pro se.

Lesley Gordon, Washington, D.C., for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1 The appellant has filed a petition for review of the initial decision, which dismissed his appeal alleging wrongful denial of life insurance benefits for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2 In a Final Order in a previous appeal filed by the appellant, the Board forwarded to the Office of Personnel Management (OPM) his claim regarding his entitlement to a life insurance annuity. *White v. Office of Personnel Management*, MSPB Docket No. CH-0831-14-0421-I-1, Final Order (Jan. 20, 2015). OPM issued a February 25, 2016 reconsideration decision denying the appellant's claim. Initial Appeal File (IAF), Tab 1 at 11-12. On March 3, 2016, the appellant filed the instant appeal alleging that he had been wrongfully denied continued life insurance coverage under the Federal Employees' Group Life Insurance Act (FEGLIA). IAF, Tab 1. He requested a hearing. *Id*. at 2.

¶3 On March 8, 2016, the administrative judge issued a jurisdictional order, noting, among other things, that claims related to benefits paid under the Federal Employees' Group Life Insurance (FEGLI) program are governed by chapter 87 of title 5, and jurisdiction to decide claims under chapter 87 is reserved for the U.S. district courts and the U.S. Court of Federal Claims. IAF, Tab 3 at 1-2. He ordered the appellant to file evidence and argument showing that his appeal was

within the Board's jurisdiction. *Id.* at 2. The appellant responded to the order. IAF, Tabs 4-6. After considering the appellant's submission, the administrative judge dismissed the appeal for lack of jurisdiction, without holding the requested hearing. IAF, Tab 7, Initial Decision (ID).

¶4	The appellant has filed a petition for review seeking review of the initial decision and complaining about the conduct of the administrative judge, the regional chief administrative judge, and OPM's representative in his previous appeals. Petition for Review (PFR) File, Tab 1. The petition for review does not specifically address the administrative judge's determination that the Board lacks jurisdiction over the appeal. The agency has filed a response to the petition for review.[2] PFR File, Tab 4.

### DISCUSSION OF ARGUMENTS ON REVIEW

¶5	The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. 5 U.S.C. § 7701(a); *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). The Board does not have jurisdiction over all actions that are alleged to be incorrect. *Walton v. Department of the Navy*, 42 M.S.P.R. 244, 248 (1989). The appellant bears the burden of establishing the Board's jurisdiction by preponderant evidence. 5 C.F.R. § 1201.56(b)(2)(i)(A).

¶6	As the administrative judge correctly determined, life insurance benefits paid under FEGLIA are governed by chapter 87 of title 5 of the United States Code. *Campbell v. Office of Personnel Management*, 90 M.S.P.R. 68, ¶ 9 (2001). Jurisdiction to decide disputes involving chapter 87 is expressly reserved for the U.S. district courts and the U.S. Court of Federal Claims. 5 U.S.C. § 8715 ("The

---

[2] While served on the Clerk of the Board via the Board's e-Appeal system, OPM's response is addressed to the administrative judge and appears to be a response to the administrative judge's order acknowledging the appeal. PFR File, Tab 4. Because it was served on the Board in a timely fashion, we have considered the pleading as a response to the petition for review.

district courts of the United States have original jurisdiction, concurrent with the United States Court of Federal Claims, of a civil action or a claim against the United States founded on [chapter 87]"). Accordingly, we conclude that the administrative judge correctly found that the appellant's appeal regarding life insurance benefits is outside the Board's jurisdiction.[3] *See Miller v. Office of Personnel Management*, 449 F.3d 1374, 1378 (Fed. Cir. 2006).

¶7        In his petition for review, the appellant complains about prior decisions by the administrative judge and the Board and OPM's actions in those prior cases. PFR File, Tab 1. However, those matters are not before the Board in this case and there is no basis to reopen or otherwise disturb the previous decisions. *See Special Counsel v. Greiner*, 119 M.S.P.R. 492, 496-97 (2013) (discussing the factors the Board considers in determining whether to reopen a previously closed appeal).

¶8        The appellant also alleges that the administrative judge was biased because the administrative judge at some point yelled at him and did not adequately consider his claims against OPM. PFR File, Tab 1 at 1, 4. In making a claim of bias or prejudice against an administrative judge, a party must overcome the presumption of honesty and integrity that accompanies all administrative adjudicators. *Washington v. Department of the Interior*, 81 M.S.P.R. 101, ¶ 7 (1999). An administrative judge's conduct during the course of a Board proceeding warrants a new adjudication only if his comments or actions evidence "a deep-seated favoritism or antagonism that would make fair judgment

---

[3] To the extent the appellant is asserting that the administrative judge denied his requested hearing, the administrative judge correctly held that an appellant is entitled to a jurisdictional hearing only if he makes nonfrivolous allegations of fact to support a finding of jurisdiction. ID at 3; *see Coradeschi v. Department of Homeland Security*, 439 F.3d 1329, 1332 (Fed. Cir. 2006). After affording the appellant the opportunity to submit evidence and argument to establish jurisdiction, the administrative judge correctly found that the appellant failed to present any evidence or argument showing Board jurisdiction. ID at 3. Thus, we discern no error in the administrative judge's decision not to hold a hearing.

impossible." *Bieber v. Department of the Army*, 287 F.3d 1358, 1362-63 (Fed. Cir. 2002) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)). Case-related rulings, even if erroneous, are insufficient to establish bias warranting recusal, and allegations that the administrative judge may have raised his voice are insufficient to show bias or improper conduct. *Smith v. U.S. Postal Service*, 81 M.S.P.R. 443, ¶ 6 (1999); *Christopher v. Defense Logistics Agency*, 44 M.S.P.R. 264, 269 (1990).

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law and other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm.  Additional information is available at the court's website, www.cafc.uscourts.gov.  Of

particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                          _____
                                        Jennifer Everling
                                        Acting Clerk of the Board

Washington, D.C.