NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**LORI D. MCLAUGHLIN,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2022-1589

---

Petition for review of the Merit Systems Protection Board in No. DC-1221-22-0007-W-1.

---

Decided:  April 7, 2023

---

LORI D. MCLAUGHLIN, Whitsett, NC, pro se.

JEFFREY GAUGER, Office of General Counsel, United States Merit Systems Protection Board, Washington, DC, for respondent.  Also represented by ALLISON JANE BOYLE, KATHERINE MICHELLE SMITH.

---

Before REYNA, BRYSON, and TARANTO, *Circuit Judges.*

PER CURIAM.

Appellant Lori McLaughlin challenges a decision by the Merit Systems Protection Board dismissing her Individual Right of Action appeal for lack of jurisdiction. We affirm because McLaughlin's disclosures (1) describe, at most, trivial violations or minor miscues and (2) fall within an exception to the MSPB's jurisdiction because the disclosures were part and parcel of McLaughlin's exercise of her Title VII rights.

## BACKGROUND

### McLaughlin's District Court Cases

McLaughlin is employed as a criminal investigator at the Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"). *McLaughlin v. Dep't of Just.*, No. DC-1221-22-0007-W-1, 2022 WL 199470 (Jan. 21, 2022) ("*Decision*").

On August 16, 2017, McLaughlin filed suit in the Middle District of North Carolina, alleging employment discrimination and retaliation by ATF management officials in violation of Title VII of the Civil Rights Act of 1964. *McLaughlin v. Garland*, No. 21-1399, 2022 WL 17336570, at *1 (4th Cir. Nov. 30, 2022). On October 26, 2017, the defendant filed a motion requesting a 30-day extension to respond to McLaughlin's complaint. *McLaughlin v. Sessions*, No. 17-cv-759 (M.D.N.C.), ECF No. 8. The motion stated that counsel was not able to confer with McLaughlin about the extension request, "in part, [because] it is unclear whether Plaintiff has retained counsel." *Id*. at ¶ 5. The court granted the motion the next day. *McLaughlin*, No. 17-cv-759 (M.D.N.C.), ECF No. 9.

On October 31, McLaughlin filed a "motion in opposition to" the defendant's motion to extend. *McLaughlin*, No. 17-cv-759 (M.D.N.C.), ECF No. 10. She asserted that the defendant was "intentionally delaying the litigation process" and "ha[d] failed to proffer any steps or actions taken

to ascertain the answer to the Defendant's question regarding the Plaintiff's legal representation." *Id*. at 1, 5.

On March 21, 2018, the district court dismissed the complaint for ineffective service. *McLaughlin*, No. 17-cv-759 (M.D.N.C.), ECF No. 22. McLaughlin moved for reconsideration. *McLaughlin*, No. 17-cv-759 (M.D.N.C.), ECF No. 29. In her motion briefing, she stated:

> [T]he Plaintiff (pro se) has and will continue to accuse the Defendant of misrepresenting facts and misleading the court regarding the Defendant's Motion to Extend Time to Respond to the Complaint. The Defendant clearly violated the Federal Rules of Civil Procedure ["FRCP"], as the Defendant failed to even attempt to contact the Plaintiff (pro se) regarding their motion.

*McLaughlin*, No. 17-cv-759 (M.D.N.C.), ECF No. 31, at 2. On June 8, 2018, the district court denied McLaughlin's motion for reconsideration. *McLaughlin*, No. 17-cv-759 (M.D.N.C.), ECF No. 32.

McLaughlin filed a second Title VII case on March 11, 2020. *McLaughlin v. Barr*, No. 20-cv-230 (M.D.N.C.), ECF No. 1. Her complaint alleged, among other things, retaliation resulting from her first Title VII case. *Id*.; *see also McLaughlin*, No. 21-1399, 2022 WL 17336570, at *1. She alleged that in her first Title VII lawsuit:

> Lori McLaughlin . . . highlighted unethical conduct committed by DOJ attorneys inside the civil action lawsuit. In fact . . . Lori McLaughlin filed a court motion accusing DOJ attorneys of misrepresenting facts and intentionally misleading the court regarding the Defendant's Motion to Extend Time to Respond to the Complaint. . . . As a result, ATF notified . . . Lori McLaughlin that she was temporarily reassigned . . . .

*McLaughlin*, No. 20-cv-230 (M.D.N.C.), ECF No. 1 at ¶¶ 8, 10. The district court dismissed McLaughlin's complaint in this second case as time-barred for failure to exhaust her administrative remedies, and the Fourth Circuit affirmed on appeal. *McLaughlin*, No. 21-1399, 2022 WL 17336570, at *1, *3.

McLaughlin's IRA Appeal

On September 26, 2021, McLaughlin filed an individual right of action ("IRA") appeal with the Merit Systems Protection Board ("MSPB"). *Decision* at 1. She alleged that ATF "removed her from a 'field' criminal investigator position in reprisal for her protected whistleblowing activity." *Id.* As she did in her second district court case, McLaughlin alleged that her removal was retaliation for the statements she made in her first district court case concerning the motion to extend. *Id.* at 2.

The MSPB issued a show cause order, requesting evidence and argument on whether it had jurisdiction. *Id.* After receiving arguments from McLaughlin and the government, the MSPB determined that it lacked jurisdiction. *Id.* at 3.

The MSPB found that the statements made in McLaughlin's first Title VII case concerning the motion to extend were not "whistleblowing activity" that could give the MSPB jurisdiction. *Id.* at 7–8. The MSPB explained that case law "mak[es] clear that an allegation that an agency violated a law, rule or regulation raised in the context of a grievance, appeal or complaint [including a Title VII complaint] as defined by section 2302(b)(9) does not constitute protected whistleblowing activity within the meaning of section 2302(b)(8) in the absence of a claim of fraud, waste, abuse or unnecessary Government expenditures." *Id.* at 8–9 (discussing, *inter alia*, *Young v. Merit Sys. Prot. Bd.*, 961 F.3d 1323, 1328 (Fed. Cir. 2020), *Serrao v. Merit Sys. Prot. Bd.*, 95 F.3d 1569, 1576–77 (Fed. Cir. 1996), and *Spruill v. Merit Sys. Prot. Bd.*, 978 F.2d 679

(Fed. Cir. 1992)).  According to the MSPB, allowing claims like McLaughlin's would:

> effectively mak[e] all allegations of discrimination or retaliation under Title VII raised in the context of a complaint, as well as any disclosure of a related statutory or regulatory violation raised in the same complaint, actionable whistleblowing activity in an IRA under section 2302(b)(8)(A)(i) regardless of whether the employee had the option to pursue a remedy in a forum expressly designed by Congress or the agency to investigate and provide remedial relief.

*Id*. at 8.  The MSPB found that "the appellant simply claims that a DOJ attorney failed to properly comply with a procedural rule governing the filing of a motion for an extension of time in the context of her Title VII complaint in district court and [the Whistleblower Protection Act ("WPA")] was never intended to protect employees from these types of claims." *Id*. at 8.  Thus, the MSPB dismissed the IRA appeal for lack of jurisdiction.[1]

McLaughlin appeals.  We have jurisdiction under 28 U.S.C. § 1295(a)(9).

### STANDARD OF REVIEW

We review MSPB decisions for whether they are "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without

---

[1]    The MSPB also dismissed McLaughlin's IRA appeal on alternative grounds, which we need not reach to conclude that the MSPB lacked jurisdiction.  *See Decision* at 8–9 (finding that McLaughlin (1) "failed to provide the requisite contextual facts and/or documentation" and (2) "failed to prove that her alleged disclosure was a contributing factor to the removal action").

procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). "We review whether the MSPB has jurisdiction over an appeal de novo." *Coradeschi v. DHS*, 439 F.3d 1329, 1331 (Fed. Cir. 2006).

## DISCUSSION

McLaughlin argues that the MSPB erroneously dismissed her IRA appeal for lack of jurisdiction. We conclude that the MSPB lacked jurisdiction.

## I.

First, McLaughlin argues that the MPSB had jurisdiction because she "alleged an abuse of authority" or "violations of [a] law, rule, or regulation." Op. Br. at 7, 10–14. We disagree.

Under 5 U.S.C. § 1221(a), the MSPB has jurisdiction over IRA actions in certain retaliation cases. "[A] federal employee [may] seek corrective action from the [MSPB] for any personnel action . . . that the employee reasonably believes was taken in retaliation for any act of whistleblowing. . . ." *Young*, 961 F.3d at 1328. Section 2302(b)(8)(A) defines "whistleblowing" as:

> [A]ny disclosure of information by an employee or applicant which the employee or applicant reasonably believes evidences—
>
> (i) any violation of any law, rule, or regulation, or
>
> (ii) gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety,
>
> if such disclosure is not specifically prohibited by law and if such information is not specifically required by Executive order to be kept secret in the interest of national defense or the conduct of foreign affairs.

We have explained that the MSPB lacks jurisdiction over "disclosures of trivial violations" because they "do not constitute protected disclosures." *Langer v. Dep't of Treasury*, 265 F.3d 1259, 1266 (Fed. Cir. 2001). This is because the aim of the WPA "is to encourage reporting of a genuine violation of law rather than minor or inadvertent miscues occurring in the conscientious carrying out of a federal official or employee's assigned duties." *Id*. (citation omitted).

For example, in *Herman* we held that the MSPB had no jurisdiction over the alleged disclosure of trivial violations of an agency directive concerning confidentiality. *Herman v. Dep't of Just.*, 193 F.3d 1375, 1380–82 (Fed. Cir. 1999) (The WPA "was intended to root out real wrongdoing." (quoting *Frederick v. Dep't of Just.*, 73 F.3d 349, 353 (Fed. Cir. 1996))). In *Drake*, we explained that allegations of "deliberate and intentional consumption of alcohol during working hours" in violation of a law, rule, or regulation were non-trivial. *Drake v. Agency for Int'l Dev.*, 543 F.3d 1377, 1381–82 (Fed. Cir. 2008) ("Unlike *Herman* and *Langer*, Mr. Drake reported intoxication which he could reasonably believe constituted a genuine violation of a law, rule, or regulation."); *see also El v. Merit Sys. Prot. Bd.*, 663 F. App'x 921, 925 (Fed. Cir. 2016) (A letter that "simply complained that every travel claim Mr. El had ever submitted had taken more than one month to be processed and reimbursed . . . did not allege any gross mismanagement or a gross waste of funds." (citation omitted)).

Here, McLaughlin alleges that she disclosed that the government violated the FRCP by failing to meet and confer with her before requesting an extension of the deadline to respond to her district court complaint. These allegations, at most, describe a "trivial violation" or a "minor or inadvertent miscue" that does not fall within the statutory definition of "whistleblowing" to give the MSPB jurisdiction. *Langer*, 265 F.3d at 1266. The WPA was not intended to give rise to whistleblower lawsuits for allegations concerning a minor procedural misstep that occurred during a

litigation. *See Herman*, 193 F.3d at 1380–82. Indeed, McLaughlin does not even assert that the district court found a FRCP violation or that the alleged violation had any bearing on the merits of the district court case. *See, e.g.*, Op. Br. at 13 (conceding that McLaughlin's "disclosures were made in motions practice unrelated to the substance of the claim before the [district] court"). Thus, the MSPB lacked jurisdiction.

## II.

Under Section 1221(a), in addition to granting corrective action for retaliation based on whistleblowing, the MPSB also can grant corrective action for prohibited practices described in 5 U.S.C. § 2302(b)(9)(A)(i). *See Young*, 961 F.3d at 1329 (discussing 5 U.S.C. § 1221(a)). "Section 2302(b)(9)(A)(i) covers retaliation for exercising any appeal, complaint, or grievance right *relating to whistleblowing*, i.e, retaliation for seeking to remedy a violation of section 2302(b)(8)." *Id.* (citing *Hicks v. Merit Sys. Prot. Bd.*, 819 F.3d 1318, 1320 (Fed. Cir. 2016) (emphasis added)).

Section 1221(a) does not give the MSPB jurisdiction to grant corrective action for prohibited personnel practices described in 5 U.S.C. § 2302(b)(9)(A)(ii). *Id.* Section 2302(b)(9)(A)(ii) "covers retaliation for exercising any appeal, complaint, or grievance right other than one seeking to remedy a violation of section 2302(b)(8)." *Id.* For example, the MSPB does not have jurisdiction over alleged retaliation for filing Equal Employment Opportunity ("EEO") and discrimination complaints. *Id.* (collecting cases). Individuals who believe that they were subjected to prohibited practices outside the MSPB's jurisdiction must proceed before other tribunals. *Id.*

McLaughlin argues that her case is different from *Young* and its predecessors because those cases involved "employee[s] alleging retaliation for exercising a right under Title VII." Op. Br. at 8. She, on the other hand, "alleged a willful violation of the FRCP." *Id.* She believes that

the fact that her "disclosures" occurred in pleadings in her Title VII case is not controlling because that "case is only tangentially related" to her disclosures. *Id.* at 10. In essence, McLaughlin asserts that Section 2302(b)(9)(A)(ii) is inapplicable because she is not alleging retaliation for filing her Title VII complaint and her disclosures do not allege discrimination. We disagree.

To be sure, her IRA appeal is not based on the fact that she *filed* a Title VII complaint or that she *alleged* discrimination. But it is still based on her "exercising a right under Title VII." *Id.* at 8. The statements that she claims led to retaliation were made during her Title VII lawsuit and were directly related to her attempt to remedy alleged Title VII violations.[2] *See Young*, 961 F.3d at 1329 ("Allegations of retaliation for exercising a Title VII right . . . do not fall within the scope of section 2302(b)(8) of the Whistleblower Protection Act and are therefore not proper subjects for inclusion in an IRA appeal on that ground." (citing *Serrao*, 95 F.3d at 1575–76; *Spruill*, 978 F.2d at 689)). Thus, the MSPB did not have jurisdiction because McLaughlin's allegations fall within Section 2302(b)(9)(A)(ii).

McLaughlin argues that we should extend our case law to find jurisdiction in her case for two main reasons. Neither persuades us.

First, she argues that *Conejo* supports a finding of jurisdiction. Op. Br. at 9–10 (discussing *Conejo v. Merit Sys. Prot. Bd.*, No. 2021-1347, 2021 WL 3891099 (Fed. Cir. Sept. 1, 2021)). We find that *Conejo* is distinguishable.

---

[2]    We do not resolve whether there are other situations where disclosures made in a Title VII lawsuit may give rise to MSPB jurisdiction—for instance, where a disclosure was made in a Title VII lawsuit but is unrelated to the alleged discrimination. *See Decision* at 6–8; *see also id.* at 15 n.18.

In *Conejo*, we found that the MSPB erred in finding no jurisdiction because "it improperly characterize[d] Mr. Conejo's allegation regarding denial of promotion as limited to retaliation for EEO activity to the exclusion of whistleblowing activity." *Conejo*, No. 2021-1347, 2021 WL 3891099, at *3. We explained that "Mr. Conejo nowhere alleged that the agency's actions were only in retaliation for the filing of his EEO complaint on September 27, 2017. Rather, he identified fifty-three instances of allegedly 'protected disclosures' as giving rise to the purportedly retaliatory agency actions." *Id*. The disclosures were related to improper "use of government funds, nepotism in hiring, and retaliatory actions against other agency employees." *Id*. at *1.

Here, McLaughlin is not alleging retaliation for any *whistleblower* activity; she is alleging retaliation for statements made in her Title VII case and directly related to her exercise of Title VII rights. Unlike in *Conejo*, none of her "disclosures" fell outside that context. *See also Young*, 961 F.3d at 1329 ("Section 2302(b)(9)(A)(i) covers retaliation for exercising any appeal, complaint, or grievance right *relating to whistleblowing . . . .*" (emphasis added)).

Second, McLaughlin argues that precluding jurisdiction in her situation would "mean that employees are prohibited from having whistleblower appeals and EEO complaints processing simultaneously, which Congress did not intend." Reply Br. at 1. We disagree. The MSPB lacks jurisdiction here because McLaughlin is alleging "retaliation for exercising a Title VII right." *Young*, 961 F.3d at 1329. In other words, based on the facts alleged, McLaughlin is in the wrong forum. *Id*. McLaughlin is not generally precluded from filing whistleblower appeals in the MSPB, provided that she can allege other facts that satisfy the MSPB's jurisdictional requirements. *Id*.

Notably, McLaughlin does not dispute that "the WPA was not intended to duplicate EEO rights." Reply Br. at 2.

Nor does she dispute that she could seek redress for retaliation based on the alleged FRCP violation before the district court.[3]  Indeed, McLaughlin filed a second Title VII case, in which she alleged retaliation based on the very same statements she relies on in her IRA appeal.  *See McLaughlin*, No. 20-cv-230 (M.D.N.C.), ECF No. 1 at ¶¶ 8, 10; *McLaughlin*, No. 21-1399, 2022 WL 17336570, at *1 (4th Cir. Nov. 30, 2022) (explaining that McLaughlin "alleged that the reassignment was in retaliation for her EEO activities in January 2018 (which led up to the filing of this complaint)"); *Decision* at 2 (explaining that McLaughlin's allegations stem from a motion filed in May 2018 in her first Title VII case).  McLaughlin thus appears to be impermissibly seeking a second bite at the apple before a potentially more favorable tribunal.  *See Spruill,* 978 F.2d at 692 ("[I]nvestigative and remedial measures are available to Spruill through the EEOC.  The OSC policy of avoiding duplication of effort by referring discrimination matters to the EEOC conserves governmental resources and avoids potentially conflicting procedures or outcomes.").

In sum, the MSPB correctly found that it lacked jurisdiction over McLaughlin's IRA appeal.  McLaughlin's allegations are outside the MSPB's jurisdiction because (1) her allegations amount to "disclosures of trivial violations" and (2) she alleged "retaliation for exercising . . . [a] right other than one seeking to remedy a violation of section 2302(b)(8)."  *Langer*, 265 F.3d at 1266; *Young*, 961 F.3d at 1329.

---

[3]     *See* Op. Br. at 7–10; *see also* Reply Br. at 2–3; Resp. Br. at 29 ("Ms. McLaughlin's allegation that the government deliberately failed to comply with a procedural rule in defending against her EEO suit is a claim that could be raised through the EEO process and therefore is not protected whistleblowing activity under (b)(8).").

CONCLUSION

The MSPB correctly dismissed McLaughlin's IRA appeal for lack of jurisdiction. We have considered McLaughlin's remaining arguments and find them unpersuasive. We affirm.

**AFFIRMED**

COSTS

No costs.