**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| PATRICIA LAWRENCE, | DOCKET NUMBER |
| Appellant, | NY-3443-21-0009-I-1 |
| v. | |
| UNITED STATES POSTAL SERVICE, | DATE: April 15, 2024 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Patricia Lawrence, Brooklyn, New York, pro se.

David S. Friedman, Esquire, New York, New York, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed her appeal from a denial of "separation retirement" for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

The appellant, who identified herself below as a current employee, is or was employed by the agency as a Mail Carrier. Initial Appeal File (IAF), Tab 1 at 1, 4. She filed a Board appeal challenging the denial of her "request for separation retirement" under the Federal Employees' Retirement System (FERS). *Id.* at 4. The administrative judge informed the appellant that the Board may not have jurisdiction over her appeal and ordered her to submit evidence and argument to establish why the appeal should not be dismissed for lack of jurisdiction. IAF, Tabs 3, 5. The appellant did not respond. In an initial decision, the administrative judge dismissed the appeal without holding the requested hearing, finding that the appellant failed to make a nonfrivolous allegation of Board jurisdiction. IAF, Tab 6, Initial Decision (ID) at 1, 3.

The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency has not filed a response to the appellant's petition for review.

**DISCUSSION OF ARGUMENTS ON REVIEW**

On review, the appellant clarifies for the first time that she is disputing the denial of her disability retirement application by the Office of Personnel Management (OPM). PFR File, Tab 1 at 1. Generally, the Board will not consider arguments raised for the first time in a petition for review absent a showing that they are based on new and material evidence not previously available despite the party's due diligence. *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980). However, when, as here, the administrative judge did not provide the appellant with sufficient notice of what she must do to meet her jurisdictional burden of proof, the Board has considered such newly raised arguments on the basis that they were previously unavailable. *Newman v. U.S. Postal Service*, 79 M.S.P.R. 64, 66-67 (1998).

<u>The administrative judge correctly determined that the appellant failed to establish jurisdiction over her appeal.</u>

The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). An appellant must receive explicit information on what is required to establish an appealable jurisdictional issue. *Burgess v. Merit Systems Protection Board*, 758 F.2d 641 (Fed. Cir. 1985); *Butler v. Office of Personnel Management*, 46 M.S.P.R. 288, 290, 293-94 (1990) (remanding an appeal of an OPM reconsideration decision for a new jurisdictional determination because the administrative judge's order on jurisdiction did not provide the appellant with information reasonably calculated to apprise him of his burden of proving Board jurisdiction). The jurisdictional orders issued by the administrative judge generally advised the appellant of her burden of establishing the Board's jurisdiction, including the threshold requirement for receiving a hearing on jurisdiction. IAF, Tabs 3, 5. However, the orders did not explicitly inform the appellant of what is required to establish jurisdiction over a separation from postal employment. *See, e.g.*, *Campbell v. U.S. Postal Service*, 88 M.S.P.R.

546, ¶¶ 2, 4, 7-10 (explaining how a postal employee can establish Board jurisdiction over her separation under chapter 75). Nonetheless, considering the confusing nature of the appellant's allegations below and the clarification of those allegations on review, a more specific order on how to establish Board jurisdiction over what appeared to be an appeal of a chapter 75 adverse action would not have provided her with the requisite information regarding proof of jurisdiction over what appears on review to be an appeal of a decision by OPM regarding her entitlement to a disability retirement annuity. Thus, even though the show-cause orders here were general, the appellant's rights were not prejudiced. *See Karapinka v. Department of Energy*, 6 M.S.P.R. 124, 127 (1981) (finding the administrative judge's procedural error is of no legal consequence unless it is shown that it has adversely affected a party's substantive rights).

The appellant may wish to file a new appeal regarding the denial of her application for a disability retirement annuity.

To the extent the appellant wishes to appeal a determination by OPM on the denial of a disability retirement annuity, she may wish to file a new appeal. The appellant has the burden of proving the Board's jurisdiction by a preponderance of the evidence. 5 C.F.R. § 1201.56(b)(2)(i)(A). She is entitled to a jurisdictional hearing only when she makes a nonfrivolous allegation that the Board has jurisdiction over her appeal. *Coradeschi v. Department of Homeland Security*, 439 F.3d 1329, 1332 (Fed. Cir. 2006); *see Butler*, 46 M.S.P.R. at 293-94 (explaining that an appellant is entitled to a jurisdictional hearing in an appeal from a determination concerning retirement benefits by OPM if he alleges facts sufficient to support a prima facie case of Board jurisdiction). Under 5 U.S.C. § 8461(e), the Board has jurisdiction to review "[a]n administrative action or order affecting the rights or interests of an individual" under FERS. The Board generally lacks jurisdiction to hear an appeal of a retirement matter when OPM has not issued a reconsideration decision on the matter. *DeGrant v. Office of Personnel Management*, 107 M.S.P.R. 414, ¶ 9 (2007). The Board has recognized

three situations in which OPM is deemed to have issued such a decision. *Okello v. Office of Personnel Management*, 120 M.S.P.R. 498, ¶ 14 (2014). Two of those situations are prescribed by OPM's regulations: OPM may either (1) issue a reconsideration decision under 5 C.F.R. § 841.306(e) or (2) issue an initial decision without reconsideration rights under 5 C.F.R. § 841.307. *Okello*, 120 M.S.P.R. 498, ¶ 14. Either type of decision is final and appealable to the Board under 5 C.F.R. § 841.308. *Okello*, 120 M.S.P.R. 498, ¶ 14. The third situation, which derives from Board case law, is that the Board will take jurisdiction over an appeal concerning a retirement matter in which OPM has refused or improperly failed to issue a final decision. *Id.*

Here, the record is unclear as to whether OPM has issued a reconsideration decision regarding the appellant's application for a disability retirement annuity. She alleges that "[she is] appealing an OPM decision which denial [sic] [her] application [sic] for disability retirement." PFR File, Tab 1 at 1. However, she does not claim that she requested or received a reconsideration decision from OPM and such a decision is not included in the record. Nor has she alleged that OPM has refused or improperly failed to issue a reconsideration decision, or that it issued an initial decision without appeal rights.

In the absence of additional information that might clarify the nature of the appellant's claim, and in light of the fact that it was raised for the first time on review, we decline to adjudicate it here. To the extent she still wishes to appeal OPM's alleged denial of her disability retirement application, she may file a new appeal to the Board naming OPM as the responding agency and providing evidence and argument that she has received, or effectively received, a reconsideration decision from OPM.

Accordingly, we affirm the initial decision, dismissing the appeal for lack of jurisdiction.

**NOTICE OF APPEAL RIGHTS**[2]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3]   The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.   5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*
_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.