**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

ANGEL CARO,

Appellant,

v.

DEPARTMENT OF JUSTICE,

Agency.

DOCKET NUMBER
SF-0752-25-0161-I-1

DATE: February 26, 2026

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Angel Caro, Yuma, Arizona, pro se.

Luke Archer, Esquire, and Julia Martin, Esquire, Springfield, Virginia, for the agency.

**BEFORE**

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which dismissed his probationary termination appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to supplement the jurisdictional analysis to find that the appellant is not an "employee" pursuant to 5 U.S.C. § 7511(a)(1)(C)(ii), we AFFIRM the initial decision.

## BACKGROUND

On November 20, 2022, the agency appointed the appellant, a nonpreference eligible, to the excepted service position of GL-1811-09 Criminal Investigator. Initial Appeal File (IAF), Tab 3 at 135-36. The appointment was subject to a 2-year initial probationary period. *Id.* The appellant had prior Federal service as a GL-1869-09 Customs and Border Patrol (CBP) Agent with the Department of Homeland Security (DHS). *Id.* at 204, 224. Effective November 14, 2024, during his probationary period, the agency terminated the appellant, citing his poor performance. *Id.* at 89-94. The appellant filed an appeal with the Board alleging that the agency subjected him to discrimination, harassment, and retaliation. IAF, Tab 1. He also indicated that he was challenging his termination during his initial probationary period. *Id.* at 1-2.

On December 20, 2024, the administrative judge issued an order informing the appellant that the Board may lack jurisdiction over his appeal, outlining the applicable law, and explaining the appellant's burden of proof to establish the Board's jurisdiction over his appeal as a probationary employee in the excepted service. IAF, Tab 2 at 2-6. He ordered the appellant to file, within 10 days of the

date of the Order, evidence or argument establishing why his appeal should not be dismissed for lack of jurisdiction.  *Id.* at 5.  The agency moved to dismiss the appeal for lack of jurisdiction, noting that it terminated the appellant during his probationary period.  IAF, Tab 3 at 9-17.  The appellant did not respond to the order but filed a response to the agency's motion arguing that he is an "employee" under 5 U.S.C. § 7511(a)(1)(C)(ii).  IAF, Tab 4 at 4-7.

The administrative judge issued an initial decision based on the written record dismissing the appeal for lack of jurisdiction.[2]  IAF, Tab 7, Initial Decision (ID) at 1, 9.  He concluded that the appellant did not establish that he has a statutory right of appeal as an "employee" under chapter 75.  ID at 5-7.  He also found that the appellant did not establish Board jurisdiction under any other bases.[3]  ID at 7.  He further found that, absent an otherwise appealable action, the Board lacks jurisdiction over the appellant's claim of discrimination and harmful procedural error.  ID at 10.

The appellant has filed a petition for review.[4]  Petition for Review (PFR) File, Tab 1 at 6-9.  The agency has filed a response.  PFR File, Tab 3.

---

[2] The appellant originally requested a hearing, IAF, Tab 1 at 2, but subsequently withdrew his request, IAF, Tab 4 at 4.

[3] The administrative judge considered whether the appellant nonfrivolously alleged that he had a regulatory right of appeal under 5 C.F.R. §§ 315.805-315.806, or established Board jurisdiction over his appeal under the Veterans Employment Opportunities Act of 1998, the Uniformed Services Employment and Reemployment Rights Act of 1994 (codified as amended at 38 U.S.C. §§ 4301-4335) (USERRA), or as an individual right of action (IRA) appeal.  ID at 7-9.  However, he determined that the appellant did not allege, and there was nothing in the record to suggest, that the Board had jurisdiction under these bases.  *Id.*  We agree.

[4] The appellant submits several documents for consideration for the first time on review.  PFR File, Tab 1 at 10-13.  The Board will not grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision.  *Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980) (declining to grant review based on arguments and documentary submissions that did not address the dispositive jurisdictional issue in the appeal).  We therefore decline to consider them further.

## DISCUSSION OF ARGUMENTS ON REVIEW

The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). An appellant bears the burden of proving by preponderant evidence that his appeal is within the Board's jurisdiction. 5 C.F.R. § 1201.56(b)(2)(i). As a nonpreference eligible in the excepted service, the appellant has a statutory right to appeal a termination if he qualifies as an "employee" within the meaning of 5 U.S.C. § 7511(a)(1)(C). *Martinez v. Department of Homeland Security*, 118 M.S.P.R. 154, ¶ 5 (2012). An "employee" under 5 U.S.C. § 7511(a)(1)(C) is defined as a nonpreference eligible individual in the excepted service (i) who is not serving a probationary or trial period under an initial appointment pending conversion to the competitive service or (ii) who has completed 2 years of current continuous service in the same or similar positions in an Executive agency under other than a temporary appointment limited to 2 years or less. *Martinez*, 118 M.S.P.R. 154, ¶ 5. The Board has jurisdiction if either section 7511(a)(1)(C) (i) or (ii) is satisfied. *Id.*

The appellant did not make a nonfrivolous allegation that he is an "employee" within the meaning of 5 U.S.C. § 7511(a)(1)(C)(i).

The administrative judge found that the appellant was not an "employee" under 5 U.S.C. § 7511(a)(1)(C). ID at 5-7. In particular, the administrative judge concluded that the agency terminated the appellant while he was serving an initial 2-year probationary period, and his prior service as a CBP Agent could not be tacked on because it was not performed in the same agency. ID at 5-7. The appellant does not dispute, and we discern no reason to disturb this finding on review. However, this finding is only relevant as to whether the appellant qualifies as an "employee" under 5 U.S.C. § 7511(a)(1)(C)(i). Thus, his status as an "employee" turns on whether he has completed 2 years of current continuous service in the same or similar positions in an Executive agency under other than a temporary appointment limited to 2 years or less.

<u>The appellant did not make a nonfrivolous allegation that he is an "employee" within the meaning of 5 U.S.C. § 7511(a)(1)(C)(ii).</u>

The appellant alleges, as he did below, that he qualifies as an "employee" under 5 U.S.C. § 7511(a)(1)(C)(ii). IAF, Tab 4 at 4-7. The initial decision did not address this subsection. We may rule on this jurisdictional issue because the appellant received explicit jurisdictional notice regarding a nonpreference eligible in the excepted service and the record on the dispositive facts is fully developed. *See Ramirez-Evans v. Department of Veterans Affairs*, 113 M.S.P.R. 297, ¶ 9 (2010). As explained below, the record reflects that the appellant failed to raise a nonfrivolous allegation of Board jurisdiction under 5 U.S.C. § 7511(a)(1)(C)(ii). We modify the initial decision accordingly.[5]

The appellant declared, under penalty of perjury, that he was employed with DHS as a CBP Agent from February 12, 2021, until he transitioned to the agency on November 20, 2022, without a break in service. IAF, Tab 4 at 4; *Edwards v. Department of Veterans Affairs*, 111 M.S.P.R. 297, ¶¶ 4, 6 (2009) (explaining that if unrebutted, an affidavit or a declaration made under penalty of perjury proves the facts asserted therein). Therefore, the Board's jurisdiction over this appeal turns on whether the CBP Agent and Criminal Investigator positions are the same or similar for purposes of section 7511(a)(1). If they are not, then the appellant is not an employee under section 7511(a)(1)(C)(ii) and he may not appeal his termination to the Board. Alternatively, if the positions are the same or similar, then the appellant qualifies as an employee under subsection (C)(ii) and establishes his right of appeal. *See Van Wersch v. Department of Health and Human Services*, 197 F.3d 1144, 1151 (Fed. Cir. 1999).

---

[5] Because of our finding that the appellant failed to nonfrivolously allege that he met the 2-year current continuous service requirement, the administrative judge's failure to analyze section 7511(a)(1)(C)(ii) did not prejudice the appellant's substantive rights and thus does not provide a basis for reversing the initial decision. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984).

The regulations implementing 5 U.S.C. chapter 75, subchapter II, define "similar positions" as "positions in which the duties performed are similar in nature and character and require substantially the same or similar qualifications, so that the incumbent could be interchanged between the positions without significant training or undue interruption to the work." 5 C.F.R. § 752.402. Moreover, positions may be deemed "similar" if they are in the "same line of work," which has been interpreted as involving "related or comparable work that requires the same or similar skills." *Mathis v. U.S. Postal Service*, 865 F.2d 232, 234 (Fed. Cir. 1988). The U.S. Court of Appeals for the Federal Circuit has interpreted such language to mean that positions are similar "if experience in [one] position demonstrates the knowledge, skills, and abilities required to perform the work of the other job." *Coradeschi v. Department of Homeland Security*, 439 F.3d 1329, 1333 (Fed. Cir. 2006); *accord Mathis*, 865 F.2d at 234; *Spillers v. U.S. Postal Service*, 65 M.S.P.R. 22, 26 (1994). In conducting this analysis, the Board must focus on the employee's actual duties and the work actually performed. *Maibaum v. Department of Veterans Affairs*, 116 M.S.P.R. 234, ¶ 15 (2011). In determining whether positions are the "same or similar," a careful job analysis of the two positions in question, not the job titles, must be made. *Shobe v. U.S. Postal Service*, 5 M.S.P.R. 466, 471 (1981). The Board will consider the totality of the circumstances in making its determination. *Pagan v. U.S. Postal Service*, 111 M.S.P.R. 212, ¶ 6 (2009).

The appellant reasserts that the positions in question are similar noting both are law enforcement positions. PFR File, Tab 1 at 6-8; IAF, Tab 4 at 4-6. He further contends that under *Coradeschi*, 439 F.3d at 1333, his prior experience as a CBP Agent demonstrates the qualifications and skills needed for his Criminal Investigator role notwithstanding the agency's argument regarding the difference in subject matter. PFR File, Tab 1 at 7; IAF, Tab 4 at 6.

The CBP Agent position is in the 1896 Border Patrol Enforcement series. Office of Personnel Management (OPM), *The Handbook of Occupational Groups*

*and Families* (Handbook), 113 (Dec. 2018).[6]  The Handbook describes the series as follows:

> This series covers positions which supervise, lead, or perform work involving enforcing the laws that protect the Nation's homeland by the detection, interdiction, and apprehension of those who attempt to illegally enter or smuggle any person or contraband across the Nation's borders.  Positions in this series require knowledge of: statutes, regulations, instructions, and precedent-setting decisions pertaining to enforcement of immigration and naturalization laws and regulations; and standard investigative techniques and law enforcement procedures to enforce immigration and naturalization laws and related Federal statutes.  The work requires skill in: evaluating information rapidly, making timely decisions, and taking prompt and appropriate actions under less than optimal conditions; proficiency in a foreign language; and an understanding of foreign cultures and customs.

*Id.*

The Criminal Investigator position is in the 1811 Criminal Investigation series.  *Id.* at 109.  The Handbook describes the series as follows:

> This series covers positions which supervise, lead, or perform work involving planning, conducting, or managing investigations related to alleged or suspected criminal violations of Federal laws.  The work involves:  recognizing, developing, and presenting evidence to reconstruct events, sequences, time elements, relationships, responsibilities, legal liabilities, and conflicts of interest; conducting investigations in a manner meeting legal and procedural requirements; and providing advice and assistance both in and out of court to the U.S. Attorney's Office during investigations and prosecutions.  The work primarily requires knowledge of criminal investigative techniques, rules of criminal procedures, laws, and precedent court decisions concerning the admissibility of evidence, constitutional rights, search and seizure, and related issues in the conduct of investigations.

*Id.*

---

[6] We take official notice of the Handbook, which is not in the record, because it is publicly available.  *See* 5 C.F.R. § 1201.64 (providing that the Board may take official notice of matters of common knowledge or that can be verified).

OPM's Handbook thus describes the two series very differently. The appellant argues, however, that because both are law enforcement positions, they are similar. PFR File, Tab 1 at 7-8. We are not persuaded. The Handbook defines "series" as a subdivision of an occupational group consisting of positions similar as to specialized line of work and qualification requirements. OPM *Handbook* at 4. It further defines "occupational group" as a major subdivision of the General Schedule, embracing a group of associated or related occupations. *Id.* Thus, although the CBP Agent and Criminal Investigator are in the same 1800 "occupational group," they are not in the same series. Therefore, although the appellant's arguments show that the CBP Agent and Criminal Investigator positions may be "associated or related," it does not constitute a nonfrivolous allegation that they are "similar."

The appellant also contends that the positions are similar because according to him, the "core responsibilities are nearly identical." PFR File, Tab 1 at 7-8. Specifically, he asserts that the positions both investigate criminal activity, enforce Federal laws, require firearms and tactical training, handle drug evidence, prepare detailed reports, and testify in court. *Id.*; IAF, Tab 4 at 5-6. However, a comparison of vacancy announcements shows that the fundamental nature and character of the work differs. *See Maibaum*, 116 M.S.P.R. 234, ¶ 17; IAF, Tab 3 at 36-49, 54-67. The CBP Agent position has no requirement for a security clearance, and the typical duties include: detecting and questioning persons suspected of violating immigration and custom laws and inspecting documents and possessions to determine citizenship or violations; preventing, and apprehending aliens and smugglers of aliens at or near the borders by maintaining surveillance from covert positions to include using infrared scopes during night operations; interpreting and following tracks, marks, and other physical evidence of illegal entry of persons or contraband; performing farm checks, building checks, traffic checks, city patrols, and transportation checks; and patrolling the international boundary and coastal waterways. IAF, Tab 3 at 53-54, 56. CBP

Agents are also required to complete training on immigration and nationality laws, law enforcement and border patrol-specific operations, and firearms training, among other things. *Id.* at 57.

The Criminal Investigator position requires a security clearance, and the typical duties include: conducting complex criminal investigations targeting narcotics and drug related activities; preparing comprehensive and succinct criminal investigative reports and preparing and delivering briefings for senior personnel and other Federal, state, and local agencies; identifying and apprehending drug traffickers and arresting individuals engaged in criminal drug activities; gathering and analyzing evidence through investigative leads, seizures, arrests, execution of search warrants, and a variety of other means; and testifying on behalf of the Federal government in court or before grand juries. *Id.* at 38-39. The training required for Criminal Investigators include, among other things, Drug Identification, Evidence Handling, Surveillance, Undercover Operations, and Interview and Interrogation. *Id.* at 20.

These vacancy announcements show material differences between the two positions in that the Criminal Investigator position primarily has duties related to investigating drug related criminal activity, while the CBP Agent position primarily has duties related to enforcing immigration laws at the country's borders. Although the appellant asserts that he conducted investigations as a CBP Agent, he has not established that the duties of the two positions are similar in nature and character and require substantially the same or similar qualifications, so that the incumbent could be interchanged between the positions without significant training or undue interruption to the work. *See* 5 C.F.R. § 752.402. He also has not made a nonfrivolous allegation that experience in the CBP Agent position demonstrates the knowledge, skills, and abilities required to perform the work of the Criminal Investigator position. *See Coradeschi*, 439 F.3d at 1333.[7]

_____

[7] To establish whether two positions are the same or similar for the purposes of 5 U.S.C. § 7511, the Board also looks to whether the positions are in the same competitive level

Accordingly, we find that the appellant has not nonfrivolously alleged that he is an individual in the excepted service who has completed 2 years of current continuous service in the same or similar positions in an executive agency. Thus, he has not made a nonfrivolous allegation that he is an employee under 5 U.S.C. § 7511(a)(1)(C)(ii) with appeal rights to the Board. We dismiss his appeal of his probationary termination for lack of jurisdiction.

## NOTICE OF APPEAL RIGHTS[8]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

---

for reduction in force purposes. *Beets v. Department of Homeland Security*, 98 M.S.P.R. 451, 455 (2005); *Spillers*, 65 M.S.P.R. at 26. Positions are in the same competitive level if they: (1) are in the same grade or pay scale; (2) are in the same classification series; (3) have similar duties; and (4) require the same skills and qualifications. *See Spillers*, 65 M.S.P.R. at 26. The appellant does not assert that the CBP Agent and Criminal Investigator positions are in the same competitive level. We note, however, that the two positions are in different grades, in different classification series, and as explained have different duties, suggesting that they are not in the same competitive level.

[8] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you

were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[9]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[9]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:          _____
                        Gina K. Grippando
                        Clerk of the Board

Washington, D.C.